IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Joyner,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>S. Wither, *Acting Warden*,<br><br>　　　　　Respondent.<br>_____ | ) C/A No.: 0:12-2681-MBS-PJG<br>)<br>)<br>)<br>)<br>)<br>) **REPORT AND**<br>) **RECOMMENDATION**<br>)<br>)<br>) |

The petitioner, Robert Joyner ("Petitioner"), a self-represented federal inmate, brings this action pursuant to 28 U.S.C. § 2241. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at United States Penitentiary McCreary ("USP-McCreary"), located in Pine Knot, Kentucky, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Petitioner was the sole defendant named in a one-count indictment that was filed on January 4, 2006, and that charged that on or about July 24, 2005, Petitioner possessed with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). On August 23, 2006, Petitioner was found guilty by a jury. Petitioner was sentenced to life imprisonment and ten years of supervised release. Petitioner's conviction and sentence were entered in the United States District Court for the District of South Carolina. On November 17, 2006, Petitioner filed a timely notice of appeal. On August 15, 2007, Petitioner's conviction and sentence were affirmed by the United States Court of Appeals for the Fourth Circuit. United States v. Joyner, No. 06-

5193, 2007 WL 2348669 (4th Cir. Aug. 15, 2007). Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on July 16, 2008, which was denied on July 27, 2010. Joyner v. United States, C/A No.: 3:08-70078-MBS, CR. No.: 3:06-16-MBS-1 (ECF Nos. 93 & 129). Petitioner filed a second motion to vacate, set aside, or correct his sentence on September 17, 2012. Joyner v. United States, C/A No.: 3:12-2688-MBS; CR. No.: 3:06-16-MBS-1 (ECF No. 138). The second motion to vacate is still pending. Petitioner now files a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted

by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

"[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994) (emphasis removed). Since the petitioner is seeking relief from his conviction and sentence, the relief requested by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. See United States v. Morehead, 2000 WL 1788398 (N.D.Ill., Dec. 4, 2000). As stated in Morehead:

> Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255 . . . ." United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. 28 U.S.C. § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

Morehead, 2000 WL 1788398, at *2.

Congress enacted § 2255 "[b]ecause pertinent court records and witnesses were located in the sentencing district [and it was] impractical to require these petitions to be filed in the district of confinement." Dumornay v. United States, 25 F.3d 1056 (Table), 1994 WL 170752, at *1 (10th Cir. 1994). Thus, "[t]he remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy." Id. (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). Since relief granted pursuant to § 2255 "is as broad as that of habeas corpus, 'it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention.' " Id. at *2 (citing Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied,* 377 U.S. 980 (1964)).

Thus, Petitioner must file a § 2255 motion to vacate, set aside, or correct his sentence. Since Petitioner has already filed two such motions, he must seek permission from the United Stated Court of Appeals for the Fourth Circuit Court to file a successive motion to vacate, set aside, or correct his sentence. See Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.

Alternatively, Petitioner would have to establish that such a motion would be inadequate or ineffective to test the legality of his sentence. The Fourth Circuit set forth the test to determine if a § 2255 motion would be inadequate or ineffective in In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Even if Petitioner could establish that he falls within

the savings clause of § 2255 and could meet the Jones test, this court is not the proper forum for his § 2241 petition. See Rumsfeld v. Padilla, 542 U.S. 426 (2004) (holding that the proper respondent in a § 2241 petition is the Petitioner's custodian).

Thus, if Petitioner wishes to raise his arguments in a § 2241 Petition, he must file it in the United States District Court in the Eastern District of Kentucky. In the alternative, he must seek leave to file a successive § 2255 motion to vacate, set aside, or correct his sentence from the United States Court of Appeals for the Fourth Circuit.

### RECOMMENDATION

Accordingly, the court recommends that the § 2241 Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 30, 2012
Columbia, South Carolina

*Petitioners attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).